CHIASSON, Judge.
This appeal was taken from a judgment of the Nineteenth Judicial District Court decreeing the privilege claimed by Air Compressors, Inc., plaintiff-appellee, to be superior in rank to the privilege claimed by Jefferson Bank and Trust Company, inter-venor-appellant.
On October 2, 1974, judgment was rendered in the Twenty-Fourth Judicial District Court, Parish of Jefferson, in favor of the appellee and against Big Chief Construction Co., Inc. in the amount of $6,239.36, plus interest and attorney’s fees. This judgment was made executory in the Nineteenth Judicial District Court, Parish of East Baton Rouge, on October 24, 1974, and a writ of fieri facias was issued seizing any debts owed by the Continental Oil Company to Big Chief. Continental Oil was served with the writ of fieri facias, a petition of garnishment, citation and interrogatories on November 4, 1974.
Continental Oil filed an answer to the interrogatories on November 18,1974, denying any indebtedness to Big Chief. Later, on December 30, 1974, it filed an amended answer alleging that, since the date of service of the interrogatories, it had become indebted to Big Chief for $3,886.00, that it had made one payment to Big Chief of $2,769.00, and that Big Chief, as of that time, was an employee of Continental Oil. On January 27, 1975, judgment was rendered ordering Continental Oil to turn over to Air Compressor the sum of $3,886.00.
On March 6, 1975, Air Compressor once again made Continental Oil garnishee. On the same day, Continental Oil filed a motion to have Jefferson Bank & Trust Company made a party to the garnishment proceeding, alleging that it had been informed on January 13, 1975, that Jefferson Bank held an assignment of accounts receivable from Big Chief dated October 4, 1974. This motion was denied ex parte by the Court.
On March 24, 1975, Continental Oil answered the March 6, 1975 interrogatories stating that it held $6,625.25 owed to Big Chief and reiterating the circumstances relative to Jefferson Bank.
On April 24,1975, the Nineteenth Judicial District Court ordered Continental Oil to turn over to the appellee $5,218.71, plus interest in satisfaction of the garnishment.
The appellant on April 25, 1975, filed a petition of intervention in the Nineteenth Judicial District Court asking that an assignment of accounts receivable made by Big Chief be recognized as giving the appellant a superior privilege on the funds owed to Big Chief by Continental Oil.
On May 9, 1975, Continental Oil filed an answer to the intervention citing the judgment of April 24, 1975, and the subsequent intervention of Jefferson Bank, and requesting that it be permitted to pay the amount of the garnishment judgment to The Clerk of the District Court of the Parish of East Baton Rouge. The Court, ex proprio motu, ordered a rule nisi issued commanding the appellee and the appellant to show cause why the privilege claimed by the appellant should not be recognized as superior to the privilege claimed by the appellee.
At the hearing the Court would not allow introduction of evidence relative to the validity of the privilege claimed by the appellant. Further, there is no testimony or evidence as to whether or not the funds seized were derived from accounts purportedly assigned to the appellant. Ordinarily, one who does not carry his burden of proof loses his claim. However, in this case, the Court limited the hearing to the ranking of liens on a summary hearing.
We quote from the transcript of evidence the following pertinent provisions:
“THE COURT: ... I suspect, gentlemen, that a more practical way of handling this would be to have these monies paid into the Registry of the Court and put this down as an ordinary proceeding if we are going to contest the validity of the assignment, but I will sustain your objection and if you want to go ahead *1029 with the summary matter at this time, we can do that.” (Page 68).
* * * * * *
“MR. DONELON: Your Honor, I would prefer to have a complete trial on the issues. There is no doubt about it. We got into it after the garnishment had been filed, had no prior notice, had no chance to put our evidence forward. And I would agree with you. I would have more witnesses than Mr. Akin to present ...” (Pages 68 & 69).
******
“THE COURT: And if the Court is being asked to make that determination, then we are getting into something other than just a ranking of liens on a summary hearing which motivated me to say that perhaps we ought to put this thing down on the merits if we have got to contest the validity vel non of the assignment, as to whether there is valuable consideration and so on . . . ” (Page 72).
******
“THE COURT: ... I think we might be able to do this entire thing today but if we do so, we will have to pretermit this matter for an hour or two and let me finish my routine docket and see how much time we have left and what we can get into.
“MR. MESTAYER: Well, yes, I would like to conclude it today while I am here, if I may.
“THE COURT: Well, suppose you finish with this witness and then we will lay the matter over for a little while, whatever you want to do, but I will have to sustain the objection made by Mr. Mestayer as to all these other notes and things that preexisted October 4th, the date of the assignment.” (Page 76).
The testimony of the witness was thereafter concluded. The minutes of the Court does not reflect that the matter was ever again taken up by the Court before the rendition of the judgment which is the subject matter of this appeal.
The failure of appellant to carry his burden of proof is not imputable to it under the particular facts of this case. Appellant is entitled to present testimony and evidence upon all issues properly before the Court.
The validity of appellant’s claim must be established before its rank can be determined. On the record now before us, we are unable to rank the conflicting claims herein.
For the above reasons, the judgment of the Nineteenth Judicial District Court is reversed and the cause remanded for further proceedings. Cost of this appeal is to be divided equally between the appellant and the appellee. All other cost to await the final disposition of this case.
REVERSED AND REMANDED.