367 So.2d 413 (1978)
AIR COMPRESSORS, INC.
v.
BIG CHIEF CONSTRUCTION COMPANY, INC.
No. 12324.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
Rehearing Denied February 12, 1979.
Henry F. Mestayer, New Orleans, for plaintiff-appellee Air Compressors, Inc.
Thomas G. Donelon, Metairie, for intervenor-appellant.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
Intervenor, Jefferson Bank and Trust Company, appealed from the judgment giving priority to plaintiff's claim over that of intervenor.
The issue is the validity of an alleged assignment of an account receivable by Big Chief Construction Company to intervenor. We affirm.
Big Chief had been borrowing from intervenor by assigning individual invoices and receiving an advance of 80% of the amount of that invoice. On October 4, 1974, the bank required Big Chief to initiate the procedure under LSA-R.S. 9:3101 et seq. Big Chief signed the statement of assignment of accounts received required by Section 3103.[1] This statement was recorded on October *414 7, as required by the same section. Also on October 4, Big Chief signed a document containing an assignment of "all accounts receivable hereafter arising or hereafter created. . . ." On October 31, Big Chief signed another note and on the back assigned a number of accounts by invoice numbers, the method employed before October 4.
In the meantime, plaintiff on October 14, made executory in East Baton Rouge a judgment against Big Chief it had secured on October 2. The seizure, however, was not served on Continental Oil Company until November 4. At first Continental answered garnishment interrogatories saying it was not indebted to Big Chief. Later by amendment it stated that on December 30 it owed Big Chief $3,886.00 after having paid $2,769.00 since the seizure. The lower court ordered plaintiff be paid in preference to intervenor. This court reversed and remanded on a finding that there was insufficient evidence to justify a ranking. 340 So.2d 1027 (1st Cir. 1976).
Intervenor claims that its claim ranks prior to plaintiff's seizure because the account seized had been assigned to it.
The reliance upon the assignment of future accounts on October 4 is misplaced. We entertain considerable doubt that an assignment of future accounts receivable can be made under LSA-R.S. 9:3101 et seq., a special method of assigning accounts receivable. However, an assignment made prior to recordation of the statement is not effective under the statute. LSA-R.S. 9:3104.[2] The statement was not recorded until October 7.
Intervenor has not proved or attempted to prove that the parts of the account receivable seized by plaintiff was assigned in the document of October 31. We therefore conclude that it was not. At any rate, the assignment made other than by writing or stamping the ledger sheet, we believe, requires a writing signed by both parties. LSA-R.S. 9:3105.[3] The assignment of October 31 was signed by the assignor only.
Neither has the intervenor proved that it secured any privilege under the assignment *415 provisions of the Civil Code.[4] The notice to the debtor required by C.C. Art. 2643[5] was not made until February. Plaintiff, a third person, had long since secured a privilege on the account. The judgment will be affirmed at intervenor's costs.
AFFIRMED.
NOTES
[1] LSA-R.S. 9:3103:

"Any person undertaking or having undertaken the acceptance of or contemplating the acceptance of assignment or assignments of accounts receivable is entitled to file in the office of the recorder of conveyances of the parish in which is located the place or places of business of the assignor a statement signed by or on behalf of the assignor and assignee containing the address of the principal place of business of the assignee, the address of the place or places of business or occupation of the assignor and a statement that the assignor has pledged or intends to pledge accounts receivable. For this purpose forms of statement substantially as follows will suffice:
 "`STATEMENT OF ASSIGNMENT OF ACCOUNTS
 RECEIVABLE
DATE_____
__________ has assigned and intends to continue
to assign accounts receivable to _____________ in
accordance with the Louisiana Assignment of Accounts
Receivable Law.
"`The assignor is _______________ (an individual, a
corporation, a partnership). The place of business of
assignor at and/or from which is conducted the business
or occupation in the course of which accounts to
be assigned have been or will be contracted is at
___________________________________________________
(Street Address City Parish
" "The assignee is _______________ (an individual, a
corporation, a partnership). The principal place of
business of assignee is at _______________________
 (Street Address
___________________________.
City State)
 __________________________
 Assignor
 __________________________
 Assignee)"

[2] LSA-R.S. 9:3104:

"Upon receipt of a statement of assignment of accounts receivable, the recorder of conveyances shall note thereon the date, hour and minute of filing; shall record the same in his office in the conveyance records, except in the Parish of Orleans where same shall be recorded in a book to be known as Sale of Movables Book, and shall cause the said statement to be endorsed with his certificate of recordation. Every such statement shall become effective, in the sense in which the term is used in R.S. 9:3102 from the time of filing; and said filing shall constitute public notice to all persons that assignment of accounts made in accordance with this Part, at any time during the effective Acts 1952, No. 293, § 4. Amended by Acts 1954, No. 725, § 1."
[3] LSA-R.S. 9:3105:

"The assignment of an account receivable made pursuant to the provisions hereof and within the effective period of a statement of assignment as provided for herein may be evidenced by writing or stamping upon the ledger sheet of the assignor reflecting the account assigned any statement or legend which in substance discloses the fact of such assignment, the date thereof and the name of the assignee; and any such writing or stamping when so affixed shall be deemed to be evidence of such assignment for all purposes of this Part of the same force and effect as a writing or written instrument signed by both the assignor and assignee. Acts 1952, No. 293, § 5."
[4] LSA-C.C. Arts. 2642-2654.
[5] LSA-C.C. Art. 2643:

"The transferee is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place.
"The transferee may nevertheless become possessed by the acceptance of the transfer by the debtor in an authentic act."