**In re WM. WOLF BAKERY, INC., Debtor.**

**Bankruptcy No. 81–00069.**

United States Bankruptcy Court, M. D. Louisiana.

Sept. 22, 1981.

John C. Anderson and Michael S. Wolf, Baton Rouge, La., for Wm. Wolf Bakery, Inc.

Edward M. Heller and Charles N. Malone, New Orleans, La., for the unsecured creditors' committee.

Ronald J. Hof of Landwehr, Hof & Smetherman, New Orleans, La., for Seaboard Allied Milling Corp.

Joseph E. Friend, New Orleans, La., for ADM Milling Co. and Archer Daniels Midland Co.

### REASONS FOR JUDGMENT

A. LEON HEBERT, Bankruptcy Judge.

Seaboard Allied Milling Corporation (Seaboard) seeks adequate protection from the

debtor for monies collected on accounts receivable allegedly assigned to it. Alternatively, Seaboard contends that it is entitled to have its claim treated as an administrative expense under § 503(b) of the Bankruptcy Code.

The debtor and Seaboard executed a Security Agreement and Statement of Accounts Receivable on February 28, 1980. The assignment was on accounts generated from the Baton Rouge plant of the debtor. Thereafter, deliveries of flour were made to the debtor until July 1980, at which time Seaboard was paid in full. Commencing in November of 1980, Seaboard resumed sales to the debtor. The debtor never resumed its previous practice of sending agings of accounts receivable to Seaboard although it was requested to do so. No payments were made on the accounts receivable created by the deliveries made to debtor subsequent to November 1980.

The accounts on which Seaboard claims an interest (based on the February 28, 1980, assignment) have been collected and presumably spent by the debtor in its ongoing operations before Seaboard sought the relief discussed herein.

Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 20, 1981. It was not until five months later that Seaboard sought "adequate protection" under § 363 of the Bankruptcy Code.

The claim of Seaboard was scheduled by the debtor as "disputed." Seaboard has never filed a proof of claim for the debt it claims to be secured by virtue of the assignment of accounts receivable dated February 28, 1980.

At issue in these proceedings is the validity of the Security Agreement and Statement of Accounts Receivable which was executed on February 28, 1980, and recorded in the Conveyance Books of the Parish of East Baton Rouge on February 29, 1980, at C.O.B. 997, folio 9366. The assignment did not list, or in any other way indicate, *which* accounts were assigned, although there was a general description that the accounts sought to be assigned were those generated from the Baton Rouge plant.

The Court adopts as its ruling on this issue the statement by counsel for the Unsecured Creditors' Committee in the memorandum in opposition to Seaboard's application for protection:

"Revised Statute 9:3102, as adopted in 1952, governed the validity and effect of assignments of accounts receivable during the time in question. This statute provided in part:

'Every assignment of an account receivable evidenced in writing and made for a valuable consideration *within the effective period* of a statement of assignment made and filed for record as hereinafter prescribed shall be valid ... and thereafter no subsequent assignee, purchaser, or transferee of such account ... shall or can have or be entitled to any right, title, lien or interest in or to such accounts superior to or in diminution of that of such assignee therein or thereto.' (underlining supplied).

"Under this statute only assignments executed during the effective period of a statement of assignment can be validly enforced against third parties. Revised Statute 9:3105 provides that the effective period of a statement of assignment commences at the time of filing of the statement. In addition to this requirement, Revised Statute 9:3105 provides that evidence of an assignment must be shown:

'By writing or stamping upon the ledger sheet of the assignor reflecting the account assigned any statement or legend which in substance discloses the fact of such assignment, the date thereof and the name of the assignee; and any such writing or stamping when so affixed shall be deemed to be evidence of such assignment for all purposes of this part of the same force and effect as a writing or written instrument signed by both the assignor and assignee.'

"The Assignment of Accounts Receivable Act through these statutes establishes

a certain procedure that must be followed in order to affect third parties. This procedure is that the borrower execute a general statement of assignment of accounts receivable which must be recorded in the public records. After the statement has been filed, the effective period begins and the assigned accounts are designated by writing or stamping a notice of the assignment on each ledger page of an assigned account or by executing a written instrument designating which accounts are assigned, signed by both the assignor and the assignee. See *Treatise on Creditors' Rights Under Louisiana Civil Law* by Ralph Slovenko at Page 164.

"In the instant case the assignment of accounts receivable was executed February 28, 1980 by Wolf Bakery Inc. and Seaboard. Subsequent to the execution, on February 29, 1980, a statement of assignment of accounts receivable was recorded in the Conveyance Office. The assignment did not list or in any other way indicate which accounts receivable were being assigned to Seaboard. In fact, Seaboard admits in its Memorandum that it has not even received computer printouts since July, 1980. Based on these facts, we maintain that there was no valid assignment affecting third parties because the procedure required in Revised Statute 9:3101, et seq. was not followed. First, the assignment was not made during the effective period established by Revised Statute 9:3104 because it was made prior to the recordation of the statement of accounts receivable. In *Air Compressors, Inc. v. Big Chief Construction, Inc.*, 367 So.2d 413 (La.App., 1st Cir. 1978) an assignment made prior to recordation of the statement was held not effective against third parties because it had not complied with the notice provision of LSA R.S. 9:3104 requiring execution of the assignment *during* the effective period of the statement. Further, the Court in *Big Chief* indicated that the failure to note the assignment on the ledger cards or to have executed a written instrument signed by both parties and listing the assigned accounts, was another

ground for invalidity of the agreement as to third parties. In its writ denial, in *Air Compressor, Inc. v. Big Chief Construction Co., Inc.*, 369 So.2d 465 (La.1979), the Supreme Court indicated in a brief per curiam that, although they did not agree with the reasons assigned by the Circuit Court, the result was correct, based on the factual findings of the trial court. This statement obviously concerns the dicta of the lower court stating that there is no possible way to assign future accounts.

"The facts in this case show that the assignment was not executed during the effective period. Further, there is no evidence showing that parties noted the assignment on the ledger cards or that they executed a written agreement signed by both parties showing which accounts were assigned.

"Thus, our fact situation is not distinguishable from the facts of *Big Chief* and as such this case should be governed by the holding of the Court of Appeals as approved by the Supreme Court."

The Court therefore finds that the purported Security Agreement and Statement of Accounts Receivable dated February 28, 1980, does not comply with the provisions of R.S. 9:3102, et seq., and the interpretations of that statute by the Louisiana Supreme Court in *Air Compressors, Inc. v. Big Chief Construction Co., Inc.*, 369 So.2d 465 (La. 1979).

■ The Court also concludes that had the assignment been legally effective there is nothing in the statute to show that the lien granted would extend to the proceeds of the collected accounts! Hence, the proceeds could not become "cash collateral" as claimed by Seaboard.

■ Seaboard has sought alternative relief by claiming that if it is not entitled to adequate protection under § 363 of the Bankruptcy Code, then its claim should be treated as an administrative expense by virtue of § 503(b) of that Code. Although it is true that the collection of accounts receivable over which Seaboard thought it had an assignment enabled the debtor to

continue its operations, it is nevertheless true that Seaboard waited for five months before it sought any protection from the Court. In view of the Court's holding that the assignment of accounts receivables did not comply with the statute, Seaboard has no lien on any of the monies collected and has nothing to protect since it sat idly by and did nothing—it did not even demand the aging statements from its vendee which it had received up until November 1980.

The request for adequate protection is denied and the alternative plea that Seaboard should have its claim treated as an administrative expense is therefore also denied.

Judgment will be signed accordingly.