PONDER, Judge.
Intervenor, Clyde E. Hodges, appealed from the judgment ranking his claim inferi- or to those of two other intervenors.
The issue is the validity of an assignment of accounts receivable under the provisions of La.R.S. 9:3101, et seq.
*38 We affirm.
E. K. Painting, Inc., had done some work for Agrico Chemical Company. Because of conflicting claims, Agrico paid $63,300.29 into the registry of the court, making E. K. Painting, Inc. and Eli Kline, a stockholder of E. K. Painting, Inc., defendants.
Louisiana National Bank intervened seeking all the deposits on the basis of an assignment of accounts receivable. Two judgment creditors seized E. K.’s interests. By stipulation, Louisiana National Bank was awarded the amount not claimed by the judgment creditors; this would be subject to further proceedings. Clyde E. Hodges purchased the remaining interest of Louisiana National Bank and was substituted as an intervenor.
Hodges’ claim was based on the following. On December 4, 1978, E. K. Painting, Inc., signed a promissory note to Louisiana National Bank for $100,000.00. On August 7, 1979 it signed a statement of assignment of accounts receivable as required under La.R.S. 9:3103 and an assignment of accounts receivable, which assigned, among others, the account with Agrico. The statement of assignment of accounts receivable was recorded in the Parishes of Iberville, Plaquemines and St. James on August 10, and in Ascension Parish on August 21, 1979.
Relying on Air Compressors, Inc. v. Big Chief Construction Company, Inc., 367 So.2d 413 (La.App. 1st Cir. 1978), writ denied 369 So.2d 465 (1979), the trial court held that the judgment creditors[1] were entitled to the amounts of their claims, because the assignment was made prior to the recording of the statement of accounts receivable.
Appellant urges us to reverse our holding in the Air Compressor, Inc. case pointing to the words “having undertaken the acceptance of”, “has pledged” and “has assigned” of La.R.S. 9:3103[2] as indicating that recor-dation of the statement of accounts receivable does not have to be made prior to the assignment for the latter’s validity.
We decline to reverse ourselves. The use of the above words seem to support appellant’s position. It is also true that the Supreme Court in refusing a writ was crit *39 ical of the rationale and reasoning assigned without being specific.[3]
However, we remain of the same mind. La.R.S. 9:3104 provides that the statement becomes effective upon filing and that filing constitutes public notice of an assignment made during the effective period of the statement. La.R.S. 9:3105 speaks of the assignment within the effective period of a statement of assignment of accounts receivable.
La.R.S. 9:3102 provides for the priority given to the assignment when given within the effective period of a statement of assignment made and filed for record.[4]
For these reasons, the judgment is affirmed at appellant’s costs.
AFFIRMED.

. One creditor had secured a judgment on January 23, 1980, recorded it on January 24, 1980, and seized E. K.’s interest on April 14, 1980. The other creditor had secured its judgment on February 26, 1980, recorded it on February 27, 1980, and had notice of seizure issued on March 13, 1980.

. La.R.S. 9:3103:
“Any person undertaking or having undertaken the acceptance of or contemplating the acceptance of an assignment of accounts receivable is entitled to file in the office of the recorder of conveyances of the parish of the assignor’s domicile if assignor is domiciled in the state, or of the parish in which is located the place or places of business of the assignor if the assignor is not domiciled in this state, a statement signed by or on behalf of the assign- or and assignee containing (1) the address of the principal place of business of the assignee, (2) the address of the place or places of business or occupation of the assignor and (3) a statement that the assignor has assigned or will assign accounts receivable, or that the assignor has made or will make a general assignment of all of its accounts receivable or all accounts receivable concerning a specified debtor. For this purpose forms of statement substantially as follows will suffice:
‘STATEMENT OF ASSIGNMENT OF ACCOUNTS RECEIVABLE Date_ - (has assigned or will assign accounts receivable, has made or will make a general assignment of accounts receivable, has made or will make a general assignment of all accounts receivable of _, account debtor) to _ in accordance with the Louisiana Assignment of Accounts Receivable law. The assignment or proposed assignment described in this statement (is, is not) made to secure an obligation. The assignor is_(an individual, a corporation, a partnership).
The place of business of assignor at and/or from which is conducted the business or occupation in the course of which accounts to be assigned have been or will be contracted is at
(Street Address City Parish).
The assignee is _ (an individual, a corporation, a partnership). The principal place of business of assignee is at
(Street Address City State)
Assignor
Assignee’

. The Bankruptcy Court in In Re Wm. Wolf Baker, Inc., 14 B.R. 382 (Bkrtcy.M.D.La.1981), speculated that the criticism might have been directed at the doubt thrown on the assignment of future accounts receivable.
The statute as amended specifically provides for the assignment of future accounts receivable.

. La.R.S. 9:3102:
“1980 Amendment: Rewrote this section, which had read: ‘Every assignment of an account receivable evidenced in writing and made for a valuable consideration within the effective period of a statement of assignment made and filed for record as hereinafter prescribed shall be valid and shall be deemed and held to have been fully perfected at the time such assignment is made, notwithstanding that the debtor be not notified of or does not assent to such assignment; and thereafter no subsequent assignee, pledgee, purchaser or transferee of such account or other person claiming, or to claim under, through or against the assignor, and no existing or future attaching, garnishing, judgment, execution, levying or other creditor of the assignor, except a creditor who through judicial proceedings shall have perfected a superior lien on such account prior to the time of such assignment shall or can have or be entitled to any right, title, lien or interest in or to such account superior to or in diminution of that of such assignee therein or thereto.’ ”