432 So.2d 253 (1983)
In re AGRICO CHEMICAL CO.
v.
E.K. PAINTING, INC.
No. 82-C-1928.
Supreme Court of Louisiana.
May 23, 1983.
James M. Ross, Eaton & Ross, Baton Rouge, for applicant.
John D. Brady, Richard L. Crawford, Newman & Drolla, Baton Rouge, Henry F. Mestayer, Satterlee, Mestayer & Freeman, New Orleans, for respondent.
LEMMON, Justice.
This concursus proceeding was filed to resolve the dispute between three competing creditors of E.K. Painting, Inc. over funds owed by Agrico Chemical Company to E.K. The principal issue is the validity of E.K.'s assignment of accounts receivable to Louisiana National Bank (LNB), one of the competing creditors, under the provisions of Louisiana's Assignment of Accounts Receivable Law, La.R.S. 9:3101 through 3110. The other two creditors, who obtained judgments after the assignment, question the validity on the basis that the statement of assignment was not recorded until after the assignment of the accounts.

I.
On December 4, 1978, E.K. executed a promissory note for $100,000 to LNB. As security for the loan, E.K. on August 7, 1979 executed both an assignment of accounts receivable and a statement of assignment of accounts receivable. Among the assigned accounts was one with Agrico. On August 21, 1979 the statement of assignment of accounts receivable was recorded in Ascension Parish, the domicile of the assignor.
Agrico owed E.K. the sum of $63,300.20 for work performed at Agrico's plant. Because of conflicting claims between E.K. and one of E.K.'s stockholders, Agrico deposited the funds into the registry of court. *254 LNB intervened, seeking recognition of its privilege on the deposit on the basis of the assignment of accounts receivable executed on August 7, 1979. Two other creditors, Devoe & Reynolds Company and Sherwin Williams Company, also intervened and asserted a claim to the deposit on the basis of judgments obtained against E.K. after the assignment of LNB. By stipulation, LNB withdrew all but $15,491.99, which was the total amount of the claims of the two judgment creditors.[1]
After the trial on the merits, the trial court rendered judgment in favor of the judgment creditors, holding that the earlier assignment of the accounts receivable was not valid because it was executed before the statement of assignment of accounts receivable was recorded. The court relied on the decision in Air Compressors, Inc. v. Big Chief Const. Co., 367 So.2d 413 (La.App. 1st Cir.1978), cert. denied, La., 369 So.2d 465, which held that an assignment made prior to the recordation of the statement was not effective under the then existing statute.
The court of appeal affirmed. 417 So.2d 37. Although the court noted that the language of the statute itself and this court's statement in the denial of writs in Air Compressors supported the argument that the statement of assignment did not have to be filed prior to the assignment in order for the assignment to be valid, the court declined to reverse its decision in Air Compressors.[2] We granted certiorari. La., 420 So.2d 977.

II.
Prior to Act 360 in 1980, La.R.S. 9:3102 provided that "[e]very assignment of an account receivable evidenced in writing and made for a valuable consideration within the effective period of a statement of assignment made and filed for recordation as hereinafter prescribed shall be valid and shall be deemed and held to have been fully perfected at the time such assignment is made ...." (Emphasis supplied.) Relative to the "effective period" of a statement of assignment of accounts, La.R.S. 9:3104 provided that "[e]very such statement shall become effective, in the sense in which the term is used in La.R.S. 3102 from the time of filing; and said filing shall constitute public notice to all persons that assignment of accounts made in accordance with the Part, at any time during the effective period thereof, shall be valid and enforceable as provided herein."[3] (Emphasis supplied.) The literal wording of the statutes suggests that since an assignment must be made during the "effective period" of a statement of assignment and the "effective period" begins with the filing, the assignment is not valid unless made after the statement of assignment is filed.
Other language in the statutes, however, suggests that the statement of assignment need not be filed before the assignment is made. At the time of the assignment La. R.S. 9:3103 provides in pertinent part as follows:
"Any person undertaking or having undertaken the acceptance of or contemplating the acceptance of assignment or assignments of accounts receivable is entited to file in the office of the recorder of conveyances of the parish in which is located the place or places of business of the assignor a statement signed by or on behalf of the assignor and assignee containing the address of the principal place of business of the assignee, the address of the place or places of business or occupation of the assignor and a statement that the assignor has pledged or intends to *255 pledge accounts receivable ...." (Emphasis supplied.)
Section 3103 also provided a suggested form for filing the statement of assignment of accounts receivable (a form which was substantially followed in this case), and the language of the statutory form begins with the words "has assigned and intends to continue to assign accounts receivable". The use of the phrases "having undertaken", "has pledged", and "has assigned" in Section 3103 indicates that the Legislature did not intend to prohibit the execution of an assignment before the statement of assignment is recorded.
Furthermore, no useful purpose appears to result from such a prohibition.[4] The purpose of requiring recordation of the statement of assignment is to provide notice that accounts receivable have been or will be assigned. That purpose is served by an interpretation that the assignment is effective between the parties from the date of execution and is effective against third parties from the date of recordation of the statement of assignment.[5]
While the requirement that the assignment be made within the effective period of the statement of assignment creates some ambiguity, we hold that the overall statutory scheme indicates that a valid assignment can be made before or after the statement of assignment is recorded. The contrary holding in Air Compressor v. Big Chief Const. Co., above, is expressly overruled.
In the present case, the assignment and the statement of assignment were executed on the same day, and the statement of assignment was recorded before the judgments were obtained by the judgment creditors. The fact that the assignment was executed before the recordation of the statement of assignment did not affect the validity of the assignment, but simply prevented the assignment from becoming effective against third persons until the statement of assignment was recorded.
Accordingly, the judgments of the lower courts are reversed, and judgment is rendered recognizing Clyde Hodges' superior privilege on the funds in the registry of court.
WATSON, J., dissents and assigns reasons.
WATSON, Justice, dissenting.
This concursus proceeding turns on the interpretation of LSA-R.S. 9:3101 through 9:3110, the Louisiana Assignment of Accounts Receivable Law.[1]
Under the statutes, an assignment of accounts receivable is only valid when made within the effective period of the statement of assignment. E.K. Painting, Inc.'s assignment of accounts receivable to Louisiana National Bank of Baton Rouge was dated August 7, 1979, and filed August 21, 1979. The effective period of the statement of assignment commenced with the time of *256 filing. Act No. 725 of 1954. The assignment of accounts receivable was recorded August 10 and made on August 7. Since the assignment was not made within the effective period of the statement of assignment, it is not valid under the Louisiana Assignment of Accounts Receivable Law.[2]
I respectfully dissent.
NOTES
[1] Clyde Hodges, an individual guarantor on the note, purchased the note and LNB's remaining interest in the concursus proceeding and then substituted himself as an intervenor.
[2] In denying writs in Air Compressors, this court stated:

"While we disagree with the rationale and reasons assigned by the Court of Appeal in its interpretation of R.S. 9:3101-3109, the result is correct on the grounds of the facts found by the trial court."
[3] The effective period is two years from the date that the statement of assignment is executed. La.R.S. 9:3106.
[4] To the contrary, the two-step procedure required by the court of appeal causes needless legal efforts and expense, resulting in a "trap" for those who follow a commonsense interpretation of the statutes.
[5] This interpretation is supported by the 1980 amendment to La.R.S. 9:3104, which clarified the law in apparent response to the Air Compressors decision as follows:

"Every assignment or general assignment of accounts receivable shall be effective by and between the assignor and assignee upon execution, but shall not affect third parties until the statement of assignment is recorded. Every such statement shall be effective as against third parties from the time of filing in accordance with Section 3103, and the filing shall be notice to all parties of the existence of the rights of the assignee, which shall be superior in rank to any privilege or preference arising subsequently thereto during the effective period of the statement of assignment and shall be valid and enforceable as provided herein." (Emphasis supplied.)
The amendment clearly evidences the legislative intent that an assignment made before recordation of a statement of assignment is to be valid between the parties themselves, as of the date of the assignment, and that the only effect of recordation of the statement of assignment is to establish the date that the assignment is effective as to third persons.
[1] Although the law was reenacted by Act No. 360 of 1980, this litigation is controlled by the law in effect at the time the assignment was made.
[2] Since the Louisiana Assignment of Accounts Receivable Law is only "exclusive" during the effective period of a statement of assignment, this assignment, not within the effective period, could be otherwise valid. Civil Code articles 2642 through 2654 deal with the assignment of credits and other incorporeal rights. However, it is the substance of an instrument that controls its meaning and not what it is termed. A contract is either a pledge or an assignment and, if intended to secure a loan, is a pledge. See 33 Tulane L.Rev. 59.

LSA-C.C. art. 3133 defines pledge as follows:
"The pledge is a contract by which one debtor gives something to his creditor as a security for his debt."
E.K. pledged its accounts receivable to Louisiana National Bank of Baton Rouge to secure its indebtedness to the bank. Any lawful obligation may be enforced by the auxiliary obligation of pledge. LSA-C.C. art. 3136. Claims, credits, obligations and incorporeal rights may be pledged in the same manner as other property. LSA-R.S. 9:4321. It is clear that this "assignment" would be a pledge under the codal definition. See Scott v. Corkern, 231 La. 368, 91 So.2d 569 (1956).
Pledge of an incorporeal right is valid without delivery of the claim, credit, obligation or incorporeal right to the pledgee. LSA-R.S. 9:4322; LSA-C.C. art. 3153. However, to have a valid pledge, there must be notice to each debtor. LSA-C.C. art. 3160. "It was possible under the Civil Code to assign accounts receivable, but it was seldom done because it was necessary to assign each account individually and each debtor had to be notified that the account was assigned in order for the assignment to be effective." Pledge by Professor Ralph Slovenko, 33 Tulane L.Rev. 59 at 109. Here, there was no written notice to each debtor, as required by LSA-C.C. art. 3160 and, thus no valid pledge or "assignment".