*809
 
 GEE, Circuit Judge:
 

 Seaboard Allied Milling Corp. (“Seaboard”) appeals the disallowance of its claims against Wolf Bakery (“Wolf”) by the bankruptcy court which was subsequently affirmed by the district court. We reverse and remand for proceedings consistent with this opinion.
 

 On February 28,1980, Wolf and Seaboard executed a security agreement and statement of assignment which assigned all accounts generated from Wolf’s Baton Rouge plant to Seaboard. The statement of assignment was recorded the next day. Seaboard delivered flour to Wolf until July 1980, at which time Seaboard was paid in full. In November 1980, Seaboard resumed the sale and delivery of flour to Wolf, again generating a debt. Between that date and February 20, 1981, the date on which Wolf filed its bankruptcy petition, Wolf made no payments on its debt to Seaboard. Wolf owed Seaboard $99,950 when the bankruptcy petition was filed.
 

 Seaboard filed a motion in bankruptcy court for adequate protection or, in the alternative, administrative expenses as defined in 11 U.S.C. § 503(b) (Supp. III 1979). The bankruptcy court and the district court found that under Louisiana law appellant had not perfected its security interest in the accounts receivable. They relied on
 
 Air Compressors, Inc. v. Big Chief Constr. Co.,
 
 367 So.2d 413 (La.App.1978),
 
 cert. denied,
 
 369 So.2d 465 (La.1979), which held that an assignment made prior to the recordation of the statement of assignment was not effective under the then existing statute.
 

 After the district court rendered its decision, the Louisiana Supreme Court issued an opinion which reversed
 
 Air Compressors, Inc.
 
 In
 
 Agrico Chemical Co. v. E.K. Painting, Inc.,
 
 432 So.2d 253 (La.1983), the Louisiana Supreme Court held that:
 

 the overall statutory scheme indicates that a valid assignment can be made before or after the statement of assignment is recorded. The contrary holding in
 
 Air Compressor (sic) v. Big Chief Const. Co.
 
 ... is expressly overruled.
 

 Id.
 
 at 255.
 

 Because of its reliance on
 
 Air Compressors, Inc.
 
 the district court did not reach the issues of adequate protection, 11 U.S.C. § 363 (Supp. III 1979), administrative expenses, 11 U.S.C. § 503(b) (Supp. III 1979), or the state requirement of written evidence of the assignment, La.Rev.Stat.Ann. § 9:3105 (West Supp.1982). Consequently, we reverse the district court’s decision and remand for consideration of the above issues.
 

 REVERSED and REMANDED.