In re **COMMERCIAL HELICOPTERS, INC. (S.S. # 72–0858326), Debtor.**

**COMMERCIAL HELICOPTERS, INC., Plaintiff,**

v.

**REPUBLICBANK DALLAS, N.A., Defendant.**

**Bankruptcy No. 84–00523. Adv. No. 85–0098.**

United States Bankruptcy Court, M.D. Louisiana.

Feb. 19, 1986.

See also, Bkrtcy., 49 B.R. 790.

Whit M. Cook, II, Baton Rouge, La., for plaintiff.

William E. Wright, Jr., New Orleans, La., for defendant.

## MEMORANDUM OPINION

WESLEY W. STEEN, Bankruptcy Judge.

### I. Jurisdiction of the Court

This is a proceeding arising under Title 11 U.S.C. The United States District Court for the Middle District of Louisiana has original jurisdiction pursuant to 28 U.S.C. § 1334(b). By Local Rule 29, under the authority of 28 U.S.C. § 157(a), the United States District Court for the Middle District of Louisiana referred all such cases to the Bankruptcy Judge for the district and ordered the Bankruptcy Judge to exercise all authority permitted by 28 U.S.C. § 157.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(K); pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Judge for this district may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments.

No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

Disposition of the case was submitted by the parties on cross motions for summary judgment with stipulated facts.

### II. Facts

On November 14, 1983, the Debtor's registered office was (and is) 4919 Jamestown Avenue, # 204, Baton Rouge, Louisiana 70808.

Effective November 14, 1983, the Debtor and RepublicBank Dallas, N.A. (hereinafter "RepublicBank") entered into an assignment of accounts receivable. On November 16, 1983, a Notice of Assignment of Accounts Receivable was recorded in East Baton Rouge Parish. The notice stated: "The assignor's place of business is 4919 Jamestown Ave., No. 204, Baton Rouge, Louisiana 70808."

Debtor contends that its place of business was actually in Lafayette Parish, Louisiana. RepublicBank contends that the registered office of a corporation is a place of business for purposes of La.R.S. 9:3101 *et seq.*, the Louisiana Assignment of Accounts Receivable Statute.

The Debtor brought this adversary proceeding to avoid the assignment of accounts receivable and to avoid a chattel mortgage.

### III. The Applicable Law

This case is controlled by the 1983 revision of the Assignment of Accounts Receivable Act.[1] Both parties have cited extensively *In re Energy Contractors, Inc.*, 45 B.R. 181 (Bkrtcy., M.D.La., 1984). As RepublicBank correctly points out, *Energy Contractors* was decided under the prior version of that statute; any reference in that case to the result under subsequent law is (regretable) *dicta.*

---

1. Act 319 of the 1983 Legislature effective August 30, 1983.

■ The substance of the Debtor's complaint is that the notice of assignment lists only the "registered office" as the "place of business" whereas the actual "operating business location" was elsewhere. Under the facts as stipulated, the Court holds that the registered office of a domiciliary corporate assignor is a place of business for purposes of the notice required by La.R.S. 9:3103(A) and that the designation of the registered office as the place of business satisfies the statute.

The statutory language is less than a model of clarity. La.R.S. 9:3101(8), as originally enacted in Act 319 of the 1983 Legislature, defines "place of business" as follows:

"(8) 'Place of business' of the assignor means any of the following:

(a) The location in the state of the assignor's particular establishment at or from which accounts receivable are or may be contracted.

(b) The location in the state of the assignor's particular establishment at or from which accounts receivable are or may be recorded.

(c) The location in the state of the assignor's particular establishment at which payments of accounts will be or may be received."

La.R.S. 9:3103(A) prescribes the form of the statutory notice. It requires that the notice fill in the following blank: "The Assignor's place of business is (Street Address) (City) (Parish)."

If one went no further, one would conclude that the form would contemplate one of the places described by La.R.S. 9:3101(8). But the same section that prescribes the form of the notice (9:3103(A)), also specifies where it must be recorded (9:3103(B)):

"B. If the assignor is domiciled in the state, the Notice of Assignment shall be filed in the conveyance records of the parish of:

(1) The assignor's principal place of business as shown in the assignor's articles of incorporation, filed with the secretary of state, if the assignor is a corporation."

■ It is difficult to reconcile 9:3101(8) with 9:3103(B)(1). A literal interpretation, accepting all of the Debtor's allegations, would result in the conclusion that the Debtor's principal place of business as defined by 9:3103(B) was not a place of business as defined by 9:3101(8). The more reasonable interpretation is that 9:3101(8) is a nonexclusive list of "places of business" to which 9:3103(B)(1) adds the registered office of a corporation.[2]

■ Debtor provided affidavits and other evidence that the accounts were generated and paid at locations other than the "place of business" announced in the notice. These issues are not relevant under the statutory interpretation just announced.[3]

The complaint also asserts that a chattel mortgage is invalid. The Court understands that this issue is moot in light of the ruling on the assignment of receivables since the debt was paid in full from the receivables, thus releasing the chattel mortgage, whether or not it was valid.

**2.** Such an interpretation is in accord with the policy expressed in *Agrico Chemical Company v. E.K. Painting, Inc.*, 432 So.2d 253 (La., 1983): a "commonsense interpretation" of the accounts receivable act. Finally, such an interpretation is in accord with comments to the 1984 amendment of the statute, which makes 9:3101(8)—renumbered 9:3101(9)—parallel with 9:3103(B); those comments indicate that the amendment is remedial "... to eliminate a potential source of confusion in the 1983 legislation."

**3.** Contrast the law prior to 1983 (as discussed in *Energy Contractors* ) with the law as amended by Act 319. Both statutes require that the notice/statement be recorded in the parish of the assignor's domicile. The prior statute, however, required that the statement announced "The place of business at and/or from which is conducted the business or occupation in the course of which accounts to be assigned have been or will be contracted ..." In contrast, the 1983 statute merely requires a statement of the assignor's "place of business" and then defines the "place of business" with the ambiguity noted in the main text.

### IV. Disposition

RepublicBank's motion for summary judgment will be granted. RepublicBank is directed to supply a judgment.